UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

LARRY VALDEZ, EDAIL ALIJI and MIGUEL
BERRIOS on behalf of the themselves and all others
similarly situated,

                             Plaintiffs,

v.

ERHAN ZEKIROSKI a/k/a ERIC ZEKI,
MUZAFER ZEKIROSKI a/k/a MIKE ZEKI,
ZEKI ELECTRIC, INC., ZEKI ELECTRICAL
MANAGEMENT SERVICES, LLC, and Z & Z
ELECTRIC, INC.,

                             Defendants.

---------------------------------------------------------------x

18cv1931(RJD)(AKT)

DECLARATION OF
LARRY VALDEZ IN
OPPOSITION TO THE
DEFENDANTS' MOTION
TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct:

1. I am a named Plaintiff in this action.

2. I have personal knowledge of the facts in this case.

3. During the time period of approximately April 2015 through December 2015, I worked as an employee of Defendants Zeki Electric, Inc. ("ZEKI") and Zeki Electrical Management Services, LLC ("ZEMS").

4. Upon information and belief, Defendant Z & Z Electric, Inc. ("Z& Z") is a New York corporation that, among other things, acquired the appropriate licenses that enabled ZEKI and ZEMS to perform electrical work in New York.

5. I worked as an electrician on electrical installation and service projects that were located almost entirely in New York.

6. In fact, while I was an employee of ZEKI and ZEMS, I worked in excess of 90% of that time on projects in New York.

7. In fact, I can only recall 4 days where I did not work in New York, and worked in New Jersey instead.

8. During the approximately 8 months of employment, I worked almost exclusively on electrical work and installation on a residential project in Kings Point, New York (on Long Island) as an employee of ZEKI.

9. During this same time period, when I wasn't working on the Kings Point project, I performed electrical work on behalf of the Defendants at a building in Queens that we called the "Skillman Avenue Building". I don't remember the address of this building, although I believe it was in the Woodside/Sunnyside area of Queens.

10. During my time working in New York, I personally witnessed Defendants Erhan Zekiroski (known as "Eric") and Muzafer Zekiroski (known as "Mike") on the job sites in Kings Point and Queens to observe and supervise the electrical work being done by their employees, including myself. This occurred multiple times.

11. I viewed Eric and Mike as the "bosses" on the ZEKI and ZEMS projects that I was assigned.

12. During much of the time that I worked on the Kings Point project in New York, I was required to "punch in" on a time clock, and "punch out" on that same time clock before leaving the job sites and going back to the New Jersey office.

13. When I worked on other projects and at other times at the Kings Point project, I was required to write down when I arrived at the job site and when I left the job site, and submit that information to Defendants.

14. I was not paid for the time that I spent traveling in the company trucks to job sites, picking up required materials for the projects, picking up other workers.

15. Instead of being paid for all the time that I worked, Defendants only looked at the time that I was physically on a job site, and often even reduced that time and did not pay me for the total hours that I worked on the site.

16. When I worked on projects as an employee of ZEMS, I was required to wear a shirt with the name "ZEMS" imprinted on it.

17. When I worked on the Kings Point project for ZEKI, I was told by the ZEKI foreman that I was not permitted to wear those shirts with the "ZEMS" on that jobsite, because the Defendants did not want others to know the two companies were linked and run by the same father/son duo.

18. One of the claims in this case is that Defendants systematically and regularly reduced the number of hours that were indicated on my time records. Since almost all of the time that I spent on job sites was in New York, those time records were derived from the time clocks that were located in New York and the time records that I was required to keep while on the site in New York.

19. While employed by Defendants, I typically worked approximately 57 or more hours per week. I was not paid for all those hours, and in addition, was not paid overtime wages for hours that exceeded 40 hours per week.

20. When I was paid by Defendants, I never received notifications or descriptions of my pay rate indicating my regular and overtime rates of pay.

21. Defendants never provided me with wage statements as required under New York Labor Law.

22. I respectfully request that the Court deny Defendants' motion to transfer the venue of this case.

Executed on the 7th day of October 2019

_____
Larry Valdez